UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PONCE,<br><br>         Plaintiff,<br><br>   v.<br><br>FRESNO COUNTY SHERIFF'S DEPARTMENT ARRESTING/BOOKING DEPUTIES,<br><br>         Defendants. | Case No.  1:21-cv-01046-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No.  7) |

Pending before the Court for screening under 28 U.S.C. § 1915A is the pro se civil rights complaint filed under 42 U.S.C. § 1983 by Plaintiff David Ponce—a pre-trial detainee at the time of filing.  (Doc. No. 1).  Plaintiff's First Amended Complaint is before the Court for screening. (Doc. No. 7, "FAC").  Upon review, the undersigned recommends the FAC be dismissed for failure to state a cognizable claim under 28 U.S.C. § 1915A and for failure to exhaust administrative remedies.

**SCREENING REQUIREMENTS**

Plaintiff commenced this action while in jail and is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen any complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any

1  defendant. 28 U.S.C. § 1915A. This requires the Court to identify any cognizable claims and
2  dismiss the complaint, or any portion, if is frivolous or malicious, that fails to state a claim upon
3  which relief may be granted, or that seeks monetary relief from a defendant who is immune from
4  such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

5  At the screening stage, the Court accepts the factual allegations in the complaint as true,
6  construes the complaint liberally, and resolves all doubts in the Plaintiff's favor. *Jenkins v.*
7  *McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir.
8  2003). A court does not have to accept as true conclusory allegations, unreasonable inferences, or
9  unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.
10 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual
11 basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

12 The Federal Rules of Civil Procedure require only that the complaint include "a short and
13 plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).
14 Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient
15 factual detail to allow the court to reasonably infer that each named defendant is liable for the
16 misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*,
17 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not
18 sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.
19 *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not
20 required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
21 statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required
22 to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir.
23 2009) (internal quotation marks and citation omitted).

24 Finally, the Rules permit a complaint to include all *related claims* against a party and
25 permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or
26 series of transactions or occurrences" where "any question of law or fact common to all
27 defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added). But the
28 Rules do not permit conglomeration of unrelated claims against unrelated defendants in a single

1 lawsuit. Unrelated claims must be filed in separate lawsuits.

2       If an otherwise deficient pleading could be cured by the allegation of other facts, the *pro se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a *pro se* litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

## BACKGROUND AND SUMMARY OF COMPLAINT

      Plaintiff filed his initial complaint on July 2, 2021. (Doc. No. 1). The Court granted Plaintiff's motion for leave to proceed *in forma pauperis* on July 7, 2021. (Doc. No. 4). The Court screened Plaintiff's complaint on December 21, 2021 and determined that it failed to state a cognizable claim for relief. (Doc. No. 6). The Court provided Plaintiff with three options: file an amended complaint, file a notice that he intends to stand on his initial complaint subject to the undersigned recommending dismissal, or file a notice of voluntary dismissal. (*Id.* at 6-7).

      Plaintiff chose option three and timely filed a first amended complaint ("FAC"), which did not cure the deficiencies noted in the initial complaint. The FAC names as sole defendants "the booking deputies." (Doc. No. 7 at 4). The incidents giving rise to the complaint occurred on two separate dates in February 2021 at the Fresno County Jail. (*Id.*). On February 5, 2021, after his arrest, Plaintiff was transported to the Fresno County Jail, where he asked the booking deputies to place him in a "safety cell" "so he didn't hurt himself or others." (*Id.*) He "was not seen by medical or mental health," so "he started banging on the door." (*Id.*). Due to his banging, unidentified deputies placed Plaintiff in a "restraint chair" "as punishment" using "all [their] forces [sic] to restrain him." (*Id.*). Plaintiff was left in the restraint chair "for well over the legal limit," but does not specify how long he was held in the restraint chair. (*Id.* at 4-5).

      Plaintiff was released on an unspecified date and arrested again on February 8, 2021 by Clovis Police Department officers "for no reason" and taken to an unspecified jail. (*Id.* at 5). Plaintiff asserts he once again encountered a "senior and two deputy's [sic] the same ones from

the February 5, 2021." (*Id.*). The deputies denied him a mental health visit, and this time "I get hit in the face with a closed fist." (*Id.*). Plaintiff asserts that "Deputy's [sic] step on my hand's [sic] and my feet while others was [sic] pulling on me with so much forces handcuff and leg restraints cut into me." (*Id.*). Plaintiff was "angrily" placed in a restraint chair for "over the legal limit." (*Id.*). As relief, Plaintiff seeks "punitive damages, medical bills and justice be served on all Deputy's [sic] involved." (*Id.* at 6).

## APPLICABLE LAW AND ANALYSIS

### A. Section 1983 and Excessive Use of Force

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused a deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either: (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

A pre-trial detainee may sue prison officials for injuries sustained while in custody under the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520 (1979) (holding that under the Due Process Clause, a pre-trial detainee may not be punished prior to conviction). To establish a violation of his Fourteenth Amendment Due Process rights, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). Objective reasonableness turns on the "facts and circumstances of each particular case." *Graham v. Connor,* 490 U.S. 386, 396 (1989), viewing the facts from "the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley*, 576 U.S. 389 at 397 (quoting *Graham*). "A court must also account for the legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained, appropriately deferring to policies and practices that in th[e] judgment of jail officials

are needed to preserve internal order and discipline and to maintain institutional security." *Kingsley*, 576 U.S. 389 at 397 (internal citations and quotation marks omitted).

Plaintiff claims that his Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated by the Fresno County Jail's "booking deputies." (Doc. No. 7 at 5). The Court finds no basis for a Fourth, Fifth or Eighth Amendment cause of action based on the facts pled. Liberally construed, the FAC alleges Fourteenth Amendment excessive use of force claims based on the incidents of February 5 and 8, 2021 due to Plaintiff's pretrial detainee status. As discussed below, however, the FAC fails to state any cognizable excessive force claims because the allegations are vague and conclusory. Additionally, based upon a review of the exhaustion procedures set forth in the Fresno County Sheriff's Department Incarcerated Person Grievance Procedure, available on the Sheriff's Department website, the Court finds the FAC subject to dismissal due to Plaintiff's failure to exhaust administrative remedies before filing the case.

**B. Judicial Notice of Fresno County Jail Division Policies and Procedures**

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice on its own or at the request of any party. *Id.* 201(c).

Here, the Incarcerated Person Grievance Procedure (hereinafter "Grievance Policy"), Section E-140 of the Fresno County Sheriff's Office Jail Division Policies and Procedures, is available on the Sheriff Department's website, https://publicinfo.fresnosheriff.org/docs. The Grievance Policy can be considered a "historical document[], documents contained in the public record, and reports of administrative bodies." *Polnitz v. Peoria County*, No. 08-1035, 2009 WL 311157 (C. D. Ill. Feb. 4, 2009). The regulations in the Grievance Policy were in effect in February 2021, when the incidents at issue in this case occurred. And the accuracy of the Grievance Policy cannot reasonably be questioned.

The Grievance Policy provides context for Plaintiff's use of force claim and the steps Fresno County jail inmates must follow to exhaust their administrative remedies. Thus, the Court

5

*sua sponte* takes judicial notice of the Grievance Policy and the included exhaustion procedures. *See also Battle v. Collier County Sheriff's Office*, Case No. 2:14-cv-98-FTM-29-DNF, 2014 WL 905483, * 3 (M.D. Fla. March 6, 2014) (taking judicial notice of rules promulgated by the Collier County Sheriff's Office regarding inmate grievances) (other citations omitted); *Eubank v. Wesseler*, No. 10-210-DLB-JGW, 2011 WL 3652558, *4 (E.D. Kentucky Aug. 19, 2011) (taking judicial notice of a city police procedural manual relevant to the court's analysis).

### C. No Cognizable Excessive Use of Force Claim

The Court afforded Plaintiff the opportunity to cure the pleading deficiencies in his initial complaint, but the allegations in the FAC fare no better than the initial complaint. While "situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint," *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), Plaintiff must plead sufficient factual detail to allow the court to reasonably infer that each defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Plaintiff here fails to do so. While Plaintiff mentions that three deputies were involved in both use of force incidents, he provides no information from which one could later discern the identity of the three individuals, other than identifying one as "Senior." (Doc. No. 7 at 4-5). Where "it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds," Plaintiff should not be permitted to proceed with a suit against Doe defendants. *Gillespie*, 629 F.2d at 642. Nor does Plaintiff specifically allege which deputy or deputies committed which wrongful act but rather alleges vaguely "I get hit in the face with closed fist" and "Deputy's step on my hands and feet." (Doc. No. 7 at 5). This is insufficient for the court to reasonably infer that any particular defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678.

Further, although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations are not adequate to support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff alleges that on two occasions a restraint chair was used for a period of time "over the legal limit[,]" but provides no facts indicating how long Plaintiff was in fact held in the restraint chair. A liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially

6

pled. *Id.* As set forth above, Federal Rule of Civil Procedure 8 and governing precedent require a complaint to contain sufficient factual detail to allow the Court to reasonably infer that each named defendant, or in this case, "booking deputies," are liable for the misconduct alleged.

**C. Failure to Exhaust Administrative Remedies**

The Court further recommends dismissal due to Plaintiff's failure to exhaust his administrative remedies. Plaintiff acknowledges on the face of the FAC that he did not complete the administrative process before filing his lawsuit. (Doc. No. 7 at 3).

A court may dismiss a claim if failure to exhaust is clear on the face of the complaint. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). The Prison Litigation Reform Act of 1995 states:

> No action shall be brought with respect to prison conditions under section 12983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted.

42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 578 U.S. 632, 635 (2016). The availability of administrative remedies must be assessed at the time the prisoner filed his action. *See Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017); *see also Saddozai v. Davis*, 35 F.4th 705 (9th Cir. 2022) (noting a plaintiff could supplement or amend his or her complaint after he or she exhausts his administrative remedies).

The exhaustion procedures set forth by the Grievance Policy require an inmate to file a grievance within 14 days of the complaint or issue, "unless the condition or issue is ongoing." (Grievance Policy at 5). Failure to submit a grievance within that time frame "will be considered abandonment." (*Id.*). If appropriate, a Lieutenant or Manager/Supervisor will investigate the grievance and either sustain or not sustain the grievance. (*Id.* at 7). If the incarcerated person is dissatisfied with the grievance result, they have five calendar days to submit an appeal. (*Id.* at 8). At that point, the Bureau Commander "shall review the grievance, the investigation, and the response signed by the reviewing Lieutenant/Manager/Supervisor." (*Id.* at 13). The decision of the Bureau Commander to either affirm or reverse the decision of the Lieutenant or Manager/Supervisor "shall be final and constitutes exhaustion of all remedies within the agency."

(*Id.*).  The Grievance Policy further provides that, "[p]ursuant to the Prison Litigation Reform Act of 1996 (PLRA), incarcerated people must completely exhaust the Jail's internal grievance and appeals processes prior to filing any complaint (i.e., writ) with the court."  (*Id.* at 3)

Plaintiff admits on his FAC that he did not exhaust his administrative remedies regarding these claims.  (Doc. No. 7 at 3).  Plaintiff checks "No" on the complaint form in response to whether there is "an inmate appeal or administrative remedy process available at your institution[.]"  (*Id.*).  As noted above, however, there was in fact such a process available at Fresno County Jail.  (*Id.*); *see generally* Grievance Policy.

Plaintiff also checks "No" as to whether he filed an "appeal or grievance concerning ALL of the facts contained in the complaint."  (*Id.*).  Plaintiff does not answer the third question ("Is the process completed?").  (*Id.*).  In the free response section to explain his "No" response, Plaintiff writes that he "was releass'ed [sic] both time[s]."  (*Id.*).

The exhaustion requirement of the PLRA does not apply to a formerly-incarcerated individual who files a section 1983 conditions of confinement claim after they are released from custody.  *Talamantes v. Leyva*, 575 F.3d 1021 (9th Cir. 2009).  However, the face of Plaintiff's FAC, including his prison address and inmate number, indicates Plaintiff was incarcerated at Kings County Jail at the time he filed the complaint and FAC and therefore is subject to the PLRA.  (Doc. No. 7 at 1); *see also Talamantes*, 575 F.3d at 1024 ("[I]ndividuals who, *at the time they seek to file their civil actions,* are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of 42 U.S.C. § 1997e.") (emphasis in original) (quoting *Page v. Torrey*, 201 F.3d 1136 (9th Cir. 2000)).

Indeed, this Court's authority to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A arose because Plaintiff was in custody when he filed the action.  *See Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (holding that "a court may screen a complaint pursuant to 28 U.S.C. § 1915A only if, at the time the plaintiff files the complaint, he is "incarcerated or detained in any facility [because he] is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.")  Therefore, even though Plaintiff was

1  released from Fresno County Jail, where the alleged constitutional violations occurred, he
2  remains subject to the exhaustion requirements of the PLRA because he was "incarcerated or
3  detained in any facility" at the time he filed this Complaint (i.e. the Kings County Jail). *Id; see*
4  *also* 42 U.S.C. § 1997e(a).

5        If a court concludes that a prisoner failed to exhaust his available administrative remedies
6  before filing a civil rights action, the proper remedy is dismissal without prejudice. *See Jones v.*
7  *Bock*, 549 U.S. 199, 223-24 (2007); *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).
8  Thus, this action should be dismissed due to Plaintiff's failure to exhaust administrative remedies.
9  *See Albino*, 747 F.3d at 1166 (noting that a court may dismiss a case at the screening stage "[i]n
10  the rare event that a failure to exhaust is clear on the face of the complaint.").

## IV. FINDINGS AND RECOMMENDATIONS

12        Based on the above, the Court finds that Plaintiff's FAC fails to state any cognizable
13  claim. The Court provided Plaintiff with an opportunity to cure pleading deficiencies in the
14  original Complaint. Despite being provided with the relevant pleading and legal standards,
15  Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not
16  warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Additionally, the FAC should
17  be dismissed because Plaintiff acknowledges that he did not exhaust the administrative remedies
18  available to him.

19        Accordingly, it is **ORDERED**:
20        The Clerk of the Court is directed to assign a District Judge to this action.
21        Further, it is **RECOMMENDED**:
22        Plaintiff's FAC be dismissed for failure to state claims upon which relief may be granted
23  and for failure to exhaust administrative remedies.

## NOTICE TO PARTIES

25        These findings and recommendations will be submitted to the United States District Judge
26  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days
27  after being served with these findings and recommendations, a party may file written objections
28  with the Court. The document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    February 28, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE